In the Matter of JOSEPH GOLDBERG, an Attorney, Respondent. ASSOCIATION OF THE BAR OF THE CITY OF NEW YORK, Petitioner.

First Department, January 6, 1970.

*John G. Bonomi* of counsel (*Ronald Eisenman* with him on the brief), for petitioner.

*Howard Hilton Spellman* of counsel (*Doman, Spellman & San Filippo,* attorneys), for respondent.

*Per Curiam.* The respondent was admitted to the Bar on December 4, 1950 in the First Judicial Department.

He is charged with converting the proceeds of a claim for personal injuries and issuing worthless checks on three bank accounts between and including 1963 and 1968. The check for the proceeds of the claim for personal injuries was indorsed by respondent with the consent of his clients. Respondent asserted he was authorized by one of his clients to use said proceeds for his personal requirements for an indefinite period. It appears that the respondent during May and June, 1967 on three separate occasions issued his check for the clients' share of the proceeds and that the check was returned for insufficient funds. Following a complaint to the District Attorney of Queens County, the respondent made restitution to his clients. In the same matter, respondent represented Blue Cross of Greater Philadelphia as subrogee for medical expenses, disbursed on behalf of his clients. Respondent also converted the share of the proceeds of the settlement of Blue Cross and did not make restitution until the application to confirm the Referee's report. The record establishes that during the period between 1963 and 1968, respondent issued 163 checks which were returned either for uncollected items or insufficient funds, all of which have been made good. The record supports and we confirm the report of the Referee sustaining the two charges.

Misconduct of the kind here involved merits serious disciplinary action. However, in view of respondent's age, his membership at the Bar since 1950 with no record of prior misconduct, his restitution, although delayed, and other mitigating circumstances, we are of the opinion that a suspension of two years would be appropriate in this case.

Respondent should be suspended for a period of two years.

STEVENS, P. J., EAGER, CAPOZZOLI, NUNEZ and MCNALLY, JJ., concur.

Respondent suspended for a period of two years, effective February 6, 1970.